On Rehearing.
MONROE, J.
A rehearing was granted because the court entertained some doubt as to whether the plaintiff had been allowed as much as he is entitled to, and our conclusion, upon a further examination of the case, is that the amount awarded him should be increased. There are two witnesses, plaintiff and Guyton, who testify that they, with the assistance of several other men, spent nearly a week in measuring the stumps and tops (and the distances between) of the trees which had been cut by defendant, and plaintiff produces in court the original memorandum book in which the number of trees and the measurements were taken down, together with a tabulated statement, calculated (as he says) according to the Doyle rule, showing the amount of lumber contained in the trees.
It does not appear that any timber had been cut on the land for several years before, or that there was any difficulty whatever in identifying and measuring from the stumps and the tops, the trees which had. been cut by defendant, within a few months, save as to 80 trees, the stumps of which were measured, but the tops were missing, having been, as it is supposed, removed by defendant for the purposes of its tramroad. Plaintiff and Guyton testify, positively, that they measured only the trees that had been cut by defendant, and, apart from the means of identification which have been mentioned, it appears that Guyton lives quite near the scene of action, that it was he who, on plaintiff’s behalf, warned defendant’s representative, in the beginning, not to cut the trees, that, during the cutting he supplied the men engaged in that work with pork and other supplies, and was on the ground nearly every day, so that he had a pretty fair knowledge, to start with, of the timber that was included in the cutting. The tabulated statement, showing the amount of lumber in each tree, based upon the measurements, contained in the memoranda, made at the time, is verified by plaintiff in his testimony, and upon the last argument defendants’ counsel were invited by the court to point out any errors, to the prejudice of defendant, that they might discover. As no such errors have been pointed out, we assume that there are none. Nor has defendant attempted to show, by counter evidence, that the method adopted by plaintiff in arriving at the quantity of lumber is not a reasonably safe and satisfactory one. Upon the other hand, defendant went upon the land in question, after written notice from plaintiff that it belonged to him, and, whilst it may have felt confidence in the advice which it had received that its title was the better, common prudence and common fairness demanded that, in cutting the timber, it should, at least, have kept some sort of a record by means of which it would, in the event of its finding itself mistaken about the title, be in a position to account to plaintiff for his property. *705 No such record was kept, however, and defendant seeks to jueet the testimony of plaintiff and Guyton, predicated upon nearly a week of actual work, done in the woods, by the testimony of its foreman, or representative, under whose direction the cutting was done, and who undertakes to arrive at the quantity of timber for which defendant should be held te* account by means of an estimate, made, as we understand him, from memory, some 18 months after the fact; and, by the testimony of a man who was engaged in hauling the timber, not by the 1,000 feet, but by the day, and who says that he was working four teams, that there were six or seven other men hauling at the same time, some of whom had one team and others two teams, and who, virtually, admits that, in stating that the amount of timber cut was 1,200,000 feet, he is merely guessing. In fact, in answer to the first question propounded to him, on that point'(by defendants’ counsel), “Have you any idea as to the probable amount of timber cut by the Louisiana Lumber Company from this land in the fall of 1905 and the early part of 1900?” he answered : “No, sir; I did not haul it by the thousand. I worked by the day, and I never kept a scale.” And in answer to the question (propounded on cross-examination), “Isn’t it a further fact that you have paid no particular attention to the amount of timber that was cut on this tract of land, but just guessed at it?” he answered, “Yes, sir.” We therefore conclude that there is no sufficient reason why the evidence adduced on behalf of plaintiff should not be accepted as establishing the number of trees appropriated by defendant and their contents in board measure. As to the stumpage value, our re-examination of the testimony does not lead us to think that our original estimate (of $2 per 1,000 feet) should be increased.
It is therefore ordered, adjudged, and decreed that our former decree be set aside, and that the judgment appealed from be now amended by increasing the award in favor of the plaintiff from $3,000 to $3,768, and by increasing the award in favor of defendant and against the Louisiana Central Lumber Company, and in favor of the company last named and against the Louisiana Midland Mill Company, in the same proportion.
It is further decreed that, in all other respects, said judgment be affirmed, the defendant to pay the costs of the appeal, with right of recovery as against, ■ and between, the warrantee and warrantors, as on the main demand.
See dissenting opinion of BREAUX, C. J., 49 South. 479.